NOT FOR PUBLICATION


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WELDON KNAPE III,

Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

Defendant-Appellee.

No.  16-16700

D.C. No. 2:15-cv-01214-MHB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Michelle H. Burns, Magistrate Judge, Presiding

Argued and Submitted December 6, 2017
San Francisco, California

Before:  SCHROEDER and IKUTA,[**] Circuit Judges, and ELLIS,[***] District
Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      This case was submitted to a panel that included Judge Kozinski, who
recently retired.  Following Judge Kozinski's retirement, Judge Ikuta was drawn by
lot to replace him. Ninth Circuit General Order 3.2.h. Judge Ikuta has read the
briefs, reviewed the record, and listened to oral argument.

[***]      The Honorable Sara Lee Ellis, United States District Judge for the
Northern District of Illinois, sitting by designation.

Plaintiff-Appellant Weldon Knape ("Knape") appeals the district court's decision affirming the Commissioner of Social Security's denial of his application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. Our appellate jurisdiction rests on 28 U.S.C. § 1291, and we **REVERSE.**

It is undisputed that Knape suffered from manic depression and bipolar disorder and was principally treated by his primary care physician who prescribed multiple medications for these disorders. It is also undisputed that the treatment caused physical side effects including dystonia and tardive dyskinesia, resulting in uncontrollable movements from time to time and partial inability to turn his head or look downward at a computer. Knape left his prior position as a psychiatric aide because of these physical and mental disabilities.

Knape's medical records reflect that he was hospitalized for his mental condition between ten and twelve times and attempted suicide three or four times, the last being within a year of the hearing in this proceeding. In December 2012, he attempted suicide by cutting his wrists, hanging, and taking an overdose of his medication. He subsequently began a supervised living situation that, coupled with medications, appeared to provide some improvement in his mental condition.

The ALJ concluded Knape was not disabled, and the district court affirmed the Commissioner's denial of benefits. We review the district court's order de novo, giving deference to factual determinations and observations. *See Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). The Commissioner's decision will be reversed only if it is based on legal error or is not supported by substantial evidence. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

The ALJ did not fully credit the claimant's description of his underlying condition, but gave no specific reasons for doing so, as the ALJ is required to do. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) (the ALJ's failure "to identify the testimony she found not credible" and "link that testimony to the particular parts of the record supporting her non-credibility determination" is legal error); *Treichler*, 775 F.3d 1090, 1102–03 (9th Cir. 2014) (the ALJ's failure to identify which parts of the claimant's testimony are not credible and the evidence supporting that conclusion is legal error). The ALJ failed to identify the parts of Knape's mental health symptom testimony he found not credible and failed to provide any links to the record. Our comprehensive review of the record reflects that the claimant's testimony at the hearing was fully born out by the medical records of his treating physician and other care providers.

3

Knape also contends that the ALJ erred in rejecting the opinion of his treating physician, Dr. Hackenyos, in favor of the opinion of the examining psychologist, Dr. McLean. "The opinions of treating doctors should be given more weight than the opinions of doctors who do not treat the claimant." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted). An ALJ is entitled to reject a treating doctor's contradicted opinion only if it is based on "specific and legitimate reasons supported by substantial evidence in the record." *Id.* (citation and internal quotation marks omitted). The ALJ's decision to discount the testimony of Dr. Hackenyos was not based on specific and legitimate reasons supported by substantial evidence.

The ALJ discredited the physician's notes apparently on the theory that they described some prior history and therefore did not reflect an accurate assessment of Knape's current health status. Although the caption for Dr. Hackenyos's notes was "History of Present Illness," the notes themselves were clearly and consistently updated to reflect Knape's condition as of the time they were taken in 2011 and 2012. Dr. Hackenyos's descriptions of the claimant's underlying condition and symptoms, as of late 2011 through early 2012, are fully corroborated by the claimant's testimony and other medical evidence showing that Knape's bipolar disorder was uncontrolled, that he experienced uncontrollable thoughts, and that he

4

also suffered from depressed feelings. The ALJ erred in discrediting the notes of the treating physician.

Dr. McLean, who saw Knape only once, noted Knape's mental condition had apparently improved, but that opinion could not, on this record, undermine Dr. Hackenyos's thorough evaluations and diagnoses recorded over the life of the patient-doctor relationship. *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1200–01 (9th Cir. 2008) (references in notes that claimant's anxiety and depression were "improving" are not "sufficient to undermine the repeated diagnosis of those conditions"); *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace."). Dr. Hackenyos repeatedly monitored the physical side effects stemming from Knape's antipsychotic medications. Dr. McLean's report does not reflect that she reviewed Knape's extensive medical history in reaching her opinion. Nor does it account for various facts showing that Knape's ability to live independently is limited. The ALJ erred by discounting the opinion of the treating physician, who developed a "detailed, longitudinal picture" of Knape's complicated medical history, and giving greater

5

weight to the opinion of an examining psychologist, who described the claimant's mental condition as it appeared to her that day. 20 C.F.R. § 404.1527(c)(2).

We conclude that the ALJ erred in rejecting both Knape's testimony and the opinions of his treating physician that supported it. The vocational expert testified that Knape's symptoms would eliminate all work. There is no need for further proceedings. The record is fully developed. Knape has demonstrated that he is entitled to benefits. *See Popa v. Berryhill*, 872 F.3d 901, 907–08 (9th Cir. 2017). The judgment of the district court is reversed and the matter remanded with instructions to remand to the ALJ for the calculation and award of benefits.

**REVERSED; REMANDED for calculation and award of benefits.**

*Knape v. Berryhill*, 16-16700
IKUTA, Circuit Judge, dissenting:

In evaluating Social Security cases "we may not reweigh the evidence, substitute [our] own judgment for the Secretary's, or give vent to feelings of compassion." *Winans v. Bowen*, 853 F.2d 643, 644–45 (9th Cir. 1987) (alteration in original) (citation and quotation marks omitted). Here the majority does all three: it rejects the ALJ's decision based on its own analysis of the evidence, stands in for the ALJ, and then ignores our precedent so it can remand for benefits.

On appeal, Knape claims that the ALJ erred in finding that Knape did not suffer from severe mental impairments, and argues that the ALJ should not have credited the opinion of examining psychologist Dr. McLean over the opinion of treating physician Dr. Hackenyos. But the regulations and our precedent make clear that an ALJ can "give more weight to the medical opinion of a specialist about medical issues related to his or her area of specialty than to the medical opinion of a source who is not a specialist." 20 C.F.R. § 404.1527(c)(5); *see Holohan v. Massanari*, 246 F.3d 1195, 1202 n.2 (9th Cir. 2001) (noting that a treating physician's opinion "may be entitled to little if any weight" when offering "an opinion on a matter not related to her or his area of specialization"). Moreover, the ALJ gave specific and legitimate reasons for discounting Dr. Hackenyos's notes regarding Knape's mental state: they were part of the "History"

section of Dr. Hackenyos's reports and were not supported by other objective findings in the report.

The majority rejects the ALJ's conclusion by reweighing the evidence. Instead of accepting the ALJ's reasonable interpretation of Dr. Hackenyos's report, the majority substitutes its own conclusion that the notes actually constitute current assessments. But "[w]e must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007) (alteration in original) (quoting *Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005)). Nor does the majority fairly reweigh the evidence. It says that Dr. Hackenyos's mental impairment opinion is "fully corroborated" by medical evidence—but cites no such medical evidence. **Maj. Op. at 5**. In fact, Dr. Hackenyos's notes were contradicted by a medical report stating that Knape had "non-psychotic" thought content and an "unremarkable" thought process.

Even worse, the majority substitutes its own views for those of the ALJ and usurps the ALJ's role in the process. Although Knape's claim on appeal was that the ALJ erred in rejecting Dr. Hackenyos's views of his *mental* impairments in favor of Dr. McLean's opinions, the majority decides sua sponte that Dr. McLean's opinion cannot be credited because of her failure to consider Knape's "*physical*

2

side effects stemming from Knape's anti-psychotic medications." **Maj. op. at 6** (emphasis added). Because Knape never raised this issue, and the ALJ never considered it, this conclusion appears entirely extraneous to proper judicial review. Moreover, Dr. McLean did not purport to assess Knape's physical symptoms, and the ALJ did not rely on her opinion in assessing Knape's physical limitations.

Finally, the majority "give[s] vent to feelings of compassion," *Winans*, 853 F.2d at 645 (citation omitted), by ignoring our precedent in remanding for benefits, *see, e.g.*, *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012). We may remand for benefits "only in rare circumstances, where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014) (citations and quotation marks omitted). Because "a reviewing court is not required to credit claimants' allegations regarding the extent of their impairments as true merely because the ALJ made a legal error in discrediting their testimony," *id.* at 1106, the ALJ must resolve whether Knape's testimony is credible in light of the medical evidence in the record. The majority ignores this precedent, determines on its own that Knape's testimony is credible, and concludes that the record unequivocally supports a disability determination.

The majority's reasoning here is not consistent with the law or precedent;

3

rather, it amounts to an usurpation of the ALJ's role.  Therefore, I dissent.